UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

VICTOR AUGUSTO RUIZ-RANGEL,
Petitioner,
v.
MARKWAYNE MULLIN, et al.,
Respondents.

Case No.: 26-CV-6083 JLS (JAC)

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

(ECF No. 1)

Presently before the Court is Petitioner Victor Augusto Ruiz-Rangel's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Pet.," ECF No. 1). Respondents have filed a Return ("Ret.," ECF No. 5) and Petitioner has filed a Reply (ECF No. 6). For the following reasons, the Court **DENIES** the Petition.

## BACKGROUND

Petitioner, a native of Mexico, entered the United States without inspection in 2012. Pet. at 2. On October 15, 2026, Petitioner was arrested after appearing at a county courthouse. *Id.* Petitioner initially alleged that no warrant was presented at that time, *id.*, but now acknowledges that a warrant authorizing his arrest was produced. Reply at 9; *see also* Ret. Ex. 3 (depicting a warrant issued on October 12, 2026, and served on October 15, 2026). Although Petitioner concedes that there was authority to arrest him, he claims that

the circumstances of his arrest mandates his release under the Fifth Amendment's Due Process Clause. Reply at 10.

## LEGAL STANDARD

A federal prisoner challenging the execution of his or her sentence, rather than the legality of the sentence itself, may file a petition for writ of habeas corpus in the district of his confinement under 28 U.S.C. § 2241. *See* 28 U.S.C. § 2241(a). The sole judicial body able to review challenges to final orders of deportation, exclusion, or removal is the court of appeals. *See generally* 8 U.S.C. § 1252; *see also Alvarez-Barajas v. Gonzales*, 418 F.3d 1050, 1052 (9th Cir. 2005) (citing REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231, § 106(a)). However, for claims challenging ancillary or collateral issues arising independently from the removal process—for example, a claim of indefinite detention—federal habeas corpus jurisdiction remains in the district court. *Nadarajah v. Gonzales*, 443 F.3d 1069, 1076 (9th Cir. 2006), *abrogated on other grounds by Jennings v. Rodriguez*, 583 U.S. 281 (2018); *Alvarez v. Sessions*, 338 F. Supp. 3d 1042, 1048–49 (N.D. Cal. 2018) (citations omitted).

## DISCUSSION

Both parties agree that Petitioner's detention is governed by 8 U.S.C. § 1226(a). *See generally* Pet.; Ret. Under that section, an alien may be arrested pending a removal decision after a warrant is issued by the Attorney General. 8 U.S.C. § 1226(a). The government may then detain an alien during removal proceedings, release him on bond, or release him on parole. *Id.* An alien can also request a bond hearing by an immigration judge at any time before a final order of removal is issued. *See id.*; 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1), 1003.19.

Here, it is undisputed that Respondents validly executed a warrant for Petitioner's arrest. Reply at 9; Ret. Ex. 3. Petitioner also received a bond on October 30, 2026. *See* Ret. Ex. 2. Nevertheless, Petitioner claims that Respondents violated his due process rights, necessitating his release. But this vague due process claim is insufficient to grant release. Respondents were well within their authority to arrest and detain Petitioner, and

Petitioner provides no meaningful argument to the contrary. *Cf., e.g., Diaz Escalante v. LaRose*, No. 26-CV-4259 LEK (AHG), 2026 WL 2364792, at *4 (S.D. Cal. Aug. 14, 2026) (granting release when the petitioner was detained without either a warrant or a finding that he was likely to escape).

**CONCLUSION**

Based on the foregoing, the Court **DENIES** the Petition for Writ of Habeas Corpus (ECF No. 1). As this concludes the litigation in the matter, the Clerk of Court **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated: November 13, 2026

Janis L. Sammartino

Hon. Janis L. Sammartino
United States District Judge